929 So.2d 739 (2006)
AIRFLO A/C & HEATING, INC., Appellant/Cross-Appellee,
v.
Edwin PAGAN, Daniel Jimenez, and Dansea Services, Inc., Appellees/Cross-Appellants.
No. 2D05-400.
District Court of Appeal of Florida, Second District.
June 2, 2006.
*740 Joshua Magidson of Macfarlane Ferguson & McMullen, Clearwater; Susan W. Fox of Fox & Loquasto, P.A., Tampa; and Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, for Appellant/Cross-Appellee.
Brian E. Johnson of Brian E. Johnson, P.A., Seminole, for Appellees/Cross-Appellants.
DAVIS, Judge.
Airflo A/C & Heating, Inc. ("Airflo"), a Florida corporation, challenges the final judgment denying Airflo monetary damages and attorney's fees in this unfair competition action it filed against Edwin Pagan, Daniel Jimenez, and Dansea Services, Inc. ("Appellees"). Appellees challenge the same judgment on cross-appeal, addressing that portion of the judgment that affirmed certain prior findings of the trial court. We affirm the trial court's rulings denying monetary damages and the issues raised on cross-appeal, but we reverse the denial of attorney's fees.
In the late 1940s, Donald Miravalle and Joy Miravalle, his wife, started a business that produced marine air conditioning systems under the name "King-Air." After the death of Donald Miravalle, his widow entered into an agreement transferring the "property" of King-Air to Airflo. Due to circumstances that are not essential to this opinion, the parties rescinded this agreement and Airflo entered into a separate agreement with Edwin Pagan, an employee of the Miravalles', by which Airflo allegedly purchased Pagan's interest in King-Air. Pagan had been key to the manufacture of the air conditioning units sold by the Miravalles due to his technical expertise, and he apparently assumed operation of the business before Mrs. Miravalle's original sale of the business to Airflo.[1]
After it acquired the King-Air name, Airflo began to manufacture and sell marine air conditioning units under that name. Although Pagan worked for Airflo for a period of time, he ultimately entered into an agreement with Jimenez and Dansea, by which they agreed to manufacture and sell marine air conditioning units, again using the King-Air name. Airflo filed this action against Pagan, Jimenez, and Dansea, seeking damages for unfair competition and for injunctive relief pursuant to the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201-.213, Fla. Stat. (2004) ("the Act").
The trial court granted Airflo's motion to bifurcate the proceedings. In the first hearing, the trial court addressed only the issue of liability, that is, who actually owned the King-Air name. Airflo argued that it had agreed to pay Pagan $30,000 for all of his rights and interest in King-Air, including the name, and that, even though it had not paid the full purchase price, it had made two payments that totaled over $6000. Appellees argued that the agreement was not a sales agreement but a partnership agreement by which Pagan agreed to allow Airflo to use the King-Air name and to work with Airflo in the *741 manufacturing process. They maintained that Pagan and Airflo agreed to split the profits on a 70-30 basis and that the amount that Airflo paid to him constituted payments pursuant to that agreement. The parties stipulated that whatever the agreement was, it was not in writing.
After considering the testimony of the parties and their witnesses, the trial court entered a partial final judgment, finding that Airflo had purchased the name and other rights of King-Air and that Pagan had "breached the Purchase Agreement by setting up a competing marine air conditioning business utilizing the KING AIR rights and mark `King-Air' with Defendant DANIEL JIMENEZ and Defendant, DANSEA SERVICES, INC., in violation of the Purchase Agreement." The judgment enjoined Appellees from using the King-Air rights or the King-Air name for any purpose. Finally, the partial final judgment retained jurisdiction to determine damages, if any, for the "unauthorized use" of the King-Air name, to determine if there was a violation of the Act, and to determine entitlement to attorney's fees. That partial final judgment was affirmed by this court. Pagan v. Airflo A/C Heating, Inc., 860 So.2d 421 (Fla. 2d DCA 2003).
The parties then proceeded to litigate the damages issues. Airflo requested damages based on the fact that Appellees had sold several units using the King-Air name and had established web sites and telephone numbers, advertising themselves as the owners of King-Air. Airflo argued that these were acts of unfair competition as contemplated by the Act and that Airflo was therefore entitled to attorney's fees.
The trial court found that Airflo failed to prove its claim for damages and, accordingly, denied its request. The trial court specifically pointed to the inconsistencies in the testimony of the witnesses presented by Airflo as contrasted with the credibility of the witnesses presented by Appellees. Additionally, the trial court found that since Pagan assumed that he continued to own the rights to the King-Air name until the trial court ruled to the contrary in the partial final judgment, his competition with the rightful owner, Airflo, was not a violation of the Act up to that point in time. Accordingly, the trial court denied Airflo's request for attorney's fees. The parties then filed this appeal and cross-appeal.
We affirm the trial court's denial of monetary damages without further comment. Likewise, we affirm the ruling challenged by the cross-appeal without discussion. However, we reverse the final judgment on the issue of the award of attorney's fees.
The issue is whether Pagan's establishment of the competing business was a violation of the Act, which entitled Airflo to an award of attorney's fees pursuant to the Act. Under the Act, unfair methods of competition are unlawful. In the statement of the purpose of the Act, the legislature provided that it was enacted "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, ... in the conduct of any trade or commerce." § 501.202(2), Fla. Stat. (2004). The statute provides that any unfair methods of competition or other deceptive practices or acts are unlawful. § 501.204(1). The Act further provides that any aggrieved party may file an action asking the trial court for a declaratory judgment that a given practice violates the Act and for injunctive relief to prevent a subsequent violation. § 501.21. Finally, the Act provides that in any civil litigation arising under the Act, the prevailing party shall be entitled to reasonable attorney's fees and costs. § 501.2105.
*742 Airflo claims that Appellees engaged in unfair methods of competition and thus violated the Act when they formed the competing business knowing that Airflo was the owner of the King-Air name. Appellees respond that claims of unfair or deceptive practice, as defined by section 501.204, are limited to consumer transactions and that, accordingly, any competitive acts that they committed did not violate the Act.
In the partial final judgment, the trial court determined that Pagan had transferred his rights in King-Air to Airflo and that Pagan had continued his unauthorized use of the King-Air name. The judgment went on to entertain the possibility of damages for Pagan's unauthorized use of the King-Air name. Given the trial court's use of the term "unauthorized" in referring to Appellees' appropriation of the King-Air name, it would appear that the trial court considered Appellees' acts improper. Thus, the trial court's conclusion in the final judgment that Pagan thought he owned the rights to King-Air until the trial court ruled otherwise appears to be inconsistent. Acts that were a "breach" of the agreement and were considered "unauthorized" so as to support a claim for monetary damages must be considered acts of unfair competition in violation of the Act. Pagan knew that Airflo believed that it owned the name, and he knew that he had entered an agreement with Airflo that caused Airflo to believe it owned the name. Yet, Pagan left Airflo and began to make and sell units under the same name knowing that he was competing with Airflo. He intentionally went into competition with Airflo without attempting to resolve any dispute over the ownership of the name. We conclude that the trial court erred in finding such conduct not to be "unfair" competition because Pagan thought he had a claim to the name, a claim he did not attempt to resolve until Airflo filed its action.
Furthermore, Airflo was the prevailing party in the prior proceeding given the trial court's determination that Airflo was the owner of the name and was entitled to injunctive relief. Although Airflo failed to prove its damages, it did prevail in the trial court's determination that Pagan breached the contract and in the trial court's order granting the injunction. Furthermore, contrary to Pagan's assertion, a claim for injunctive relief, such as was contained in Airflo's complaint, is appropriate under the Act. See Klinger v. Weekly World News, Inc., 747 F.Supp. 1477 (S.D.Fla.1990). Because Airflo filed a valid complaint for injunctive relief pursuant to the Act, which was granted, Airflo is the prevailing party and, accordingly, is entitled to attorney's fees pursuant to section 501.2105(1).
Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND and CANADY, JJ., Concur.
NOTES
[1] The record is not clear, but it appears that at some point Pagan assumed some ownership rights in the business. Neither party disputes Pagan's right to sell King-Air to Airflo.